# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IRONWORKERS LOCAL UNION 808
PENSION FUND, et al.,

          **Plaintiffs,**

-vs-                                    **Case No.  6:04-cv-11-Orl-22JGG**

KEYNOTE ENTERPRISES, INC.,
KEYNOTE CONSTRUCTION
SPECIALTIES, INC.

          **Defendants.**

---

## ORDER

This cause came on for hearing on June 2, 2006 on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR PROCEEDINGS SUPPLEMENTARY TO IMPLEAD KEYNOTE CONSTRUCTION SPECIALTIES, INC. (Doc. No. 28)** |
| **FILED:** | **May 26, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiffs seek to implead Keynote Construction Specialties. Inc.[1], a nonparty to this action for proceedings supplementary pursuant to Rule 69 of the Federal Rules of Civil Procedure and Florida Statues § 56.29.  Docket No. 28.

This Court may hold post-judgment supplemental proceedings to enforce a judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure and Fla. Stat. § 56.29.  Rule 69 proceedings are

---

[1]The motion seeks leave to implead "Keynote Construction Services, Inc." At the hearing, counsel confirmed that the correct name of the corporation is Keynote Construction Specialties. Inc.

governed by the law of the state in which the district court is held. Fed. R. Civ. P. 69(a).  Under

Florida law, there are two jurisdictional prerequisites for supplementary, post-judgment proceedings:

1.) there must be a returned and unsatisfied writ of execution, and 2.) the movant must file an affidavit

averring that the writ is valid and unsatisfied, along with a list of third persons to be impleaded.  *See*

Fla. Stat.  § 56.29; *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11th Cir.

1997); *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 71 F.R.D. 432, 434 (M.D. Fla. 1976);

*Tomakyo v. Thomas*, 143 So.2d 227, 229-30 (Fla. Dist. Ct. App. 3d 1962).

Plaintiffs filed this action against Defendant Keynote Enterprises, Inc. ("Keynote Enterprises")

on January 5, 2004, seeking delinquent contributions to a number of employee benefit plans under the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA").  Docket No. 1.  The

parties consented to proceed before a United States Magistrate Judge, and the Honorable Anne C.

Conway referred this action to the undersigned for all further proceedings on March 31, 2004.  Docket

No. 14. The parties agreed to entry of a consent judgment against Defendant Keynote Enterprises in

the amount of $262,313.88 (Docket Nos. 22, 25), and the Clerk entered judgment and closed the case

on November 23, 2004 (Docket No. 27).

On April 26, 2006, Plaintiffs filed the motion now before the Court, requesting leave to

implead nonparty Keynote Construction Specialties, Inc. ("KCS") as a defendant pursuant to Rule 69

of the Federal Rules of Civil Procedure.  Docket No. 28-1.  Plaintiffs state that they cannot locate

Defendant Keynote Enterprises or its assets, and therefore cannot execute the writ on the judgment

in this action.  Docket No. 28-2.  Plaintiffs allege that nonparty KCS is the "alter ego" of Defendant

Keynote Enterprises, and seek leave to implead KCS in order enforce against KCS the judgment previously entered against Defendant Keynote Enterprises. Docket No. 28-1.

The Court held a hearing on Plaintiffs' motion on June 2, 2006. Counsel for Plaintiffs appeared. C. Stephen Allen, formerly counsel for Defendant Keynote Enterprises, appeared on behalf of KCS. Allen stated that he no longer appears on behalf of Defendant Keynote Enterprises because Keynote Enterprises has been fully liquidated, no longer has any assets, and "no longer exists." Allen further stated that while Defendant Keynote Enterprises did not file a memorandum in opposition to Plaintiffs' motion, KCS opposes the motion.

Plaintiffs seek leave to implead KCS as a defendant, and request six months to conduct and complete discovery. Plaintiffs have met the two jurisdictional prerequisites for instituting supplementary post-judgment proceedings.[2] The Court, therefore, **GRANTS** Plaintiffs' Motion for Proceedings Supplementary to Implead Keynote Construction Specialties, Inc. [Docket No. 28] and **GRANTS** leave to implead KCS as a defendant and to conduct discovery until November 30, 2006. The Court has also scheduled a status conference in this action for November 30, 2006 at 9:30 AM. *See* Docket No. 32.

Accordingly, it is **ORDERED**:

> 1.) The Clerk shall re-open this case for proceedings pursuant to Rule 69 of the Federal Rules of Civil Procedure, and restore the Honorable Anne C. Conway as presiding district judge in light of the addition of a new party, Keynote Construction Specialties, Inc.;

---

[2] KCS argues that it is not the alter ego of Keynote Enterprises – a determination to be made *after* KCS is impleaded.

2.)    Plaintiffs' Motion for Proceedings Supplementary to Implead Keynote Construction Specialties, Inc. [Docket No. 28] is **GRANTED** in part.  Leave for Plaintiffs to implead Keynote Construction Specialties, Inc. as an Impleaded Defendant under Rule 69 is **GRANTED**;

3.)    the Clerk shall note the appearance of attorney C. Stephen Allen as counsel for Keynote Construction Specialties, Inc.;

4.)    on or before Friday, June 16, 2006, Plaintiffs shall electronically file and serve an impleader complaint against Keynote Construction Specialties, Inc.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

-4-